Judge Underwood
delivered the Opinion of the Court.
Bibb instituted an action of trespass quare clausum fr eg it, against the Wilsons. They pleaded not guilty, and liberum tenemenium.
In the progress of the trial, Bibb offered in evidence a patent to Samuel Meredith, of elder date than that under which the appellants claim, covering the locus in quo; the transcript of the record of an action of ejectment in the federal court for the Kentucky district — Meredith’s lessee vs. Picket and others ; a copy of the decree of the general court, in favor of Bibb against certain persons as heirs of said Meredith, for two-thirds of the land granted to him ; and a plat of survey, with field notes, and other papers, shewing a division of Meredith’s thousand acres between his heirs and Bibb.
Whether these papers, or any of them,were admissible, is made a question for our decision.
After the evidence ivas concluded, the court, at the instance of the plaintiff, instructed the jury, “ that if they *8 believed the plaintiff had possession of the premises iu the declaration mentioned, at the time the trespass was committed, either by himself or his agent, such possession is sufficient to maintain the action against the defendants, unless the defendants had the legal title to said premises.” The defendants excepted to this instruction.
instructions— qualified erroneously.
ce cZflwsum.ffe git, plea or Lx-berum tene-issuef** thereon*^ evidence of par-eRheTparty, Z admissible. Ih trespass qua<
After.the argument was concluded, the defendants ask* ed the court to instruct the jury, “ that if they believed from the evidence in the cause, that, the defendants at the time the supposed trespass was committed, and at the commencement of this suit, were in the actual possession of the premises upon which the trespass was alleged to have been committed, whether that possession was rightful or tortious, the plaintiff cannot recover in this action.” The court gave the instruction thus asked, with this qualification: “provided the jury also believed, from the evidence, that the plaintiff acquiesced in the possession of the defendants.” The defendants excepted to the qualification. Whether the court decided correctly or not, in giving the above instructions, are questions for consideration.
The plea of liberum tenementum affirmed that the defen-({ants jlat] title to the locus in quo. Issue was taken on 1 the plea, by denying the title thus affirmed. The exhibition of Meredith’s patent was unnecessary until after-the defendants had attempted to shew title in themselves; but after that had been done, b'y reading the patent to Waller Cook and Montjoy, and the conveyances down to the ancestor of the defendants, it was clearly proper then to have admitted Meredith’s patent, to shew a title paramount to that under which the defendants claimed. The action of trespass quare clausum fregit is founded upon the actual possession of the plaintiff, but if the defendants have title, the damage done to the close, is no injury to the possessor who has no right. The possession alone is sufficient to maintain the action against all the world, the rightful owner excepted. If Bibb was possessed, he might bring his action founded on the possession. If the defendants, under the plea of liberum, lene-menlum, attempted to shew title in themselves, such attempt might be legally frustrated, by shewing the para *9 mount title of Meredith. We do not perceive any error in admitting Meredith’s patent as evidence, unless it be that it was offered at a time when it need not have been. But for such a cause we would not reverse, when the subsequent proceedings shewed its relevancy.
No reversal for the admission of relevant testimony at an inappropriate time.
Records, plate † papers bearing upon the question of possession, are •admissible, under an issue on a plea of libe ■ rum lenemen-turn.
As it respects the record of the action of ejectment in the federal court, the proceedings in the general court, and the plat and papers relative to the division between Bibb and the heirs of Meredith, their admissibility is more doubtful, but we have come to the conclusion that they were admissible, because they had a bearing upon the question of possession.
Thé recovery in the action of ejectment took place in 1806. Picket, the vendor of the ancestor of the defendants, was a defendant in the ejectment suit. The declaration and notice were served on him in 1804. He conveyed to the ancestor of the defendants in 1807; and the proof is, that their ancestor took possession about that time. The term of the demise laid in the declaration is fifty years. Now, for ought that appears to us, the judgment in ejectment may yet be enforced, so as to remove those claiming under Picket. If James Wilson, ancestor of the defendants, -chose, (by way of compromise, as the proof conduces to prove he did,) to surrender the possession of the forty-one acres of land to Bibb, in 1824, before he had been twenty years in possession under his deed, and when there was judgment of eviction against his vendor, it amounts to a breach of that continuity of possession upon which the defendants rely for protection under the junior grant. And this leaves the elder grant of Meredith to have its full effect in falsifying their plea.
There is no proof that the persons against whom Bibb obtained his decree in the general court, were the heirs of Samuel Meredith, the patentee. The whole record is not transcribed. We cannot say whether the allegations of the bill are sufficient to shew that the case was proper for the jurisdiction of the general court. The decree, therefore,does not in the least tend to shew any title in Bibb. But taking the decree which was rendered in August, 1823, in connection with the partition made in *10 June, 1824, by McCarty, the surveyor, and Montjoy and Fugate, the commissioners, between Bibb and those called the heirs of Meredith, and of all which, from the testimony, the ancestor of the defendants was apprized, we think the decree and plat legitimate evidence to shew the extent of Bibb’s possession, and the ground of which he intended to take possession: and for this purpose alone we admit them under the present aspect of the record.
Possession in traspass'^c 'í: at the time of thesuitbroughtf is essential.— recovetyn.Wtere the possession in fact was with the defendant continually - although torti-ously, and against the w'ill of the plaintiff1.
We perceive no objection to the instruction given on *he application of Bibb. The qualification or proviso, added by the court to the instruction asked by the defendants, after the conclusion of the argument, is erroneous; and for that cause, the judgment must be reversed. If the plaintiff neither had possession at the time the injury was done to the freehold, nor at the time suit was brought, he could not recover.
Whether an intermediate possession would, in any case, sustain the action for a previous trespass, need not be decided ; for the evidence shews no such possession in the present case, and the instruction, as given, applied to the evidence. The proviso added by the court, would allow the plaintiff to recover, although the possession in fact was with the defendants continually. Such is not the law. If the defendants or their ancestors had regained the possession in fact, and were actually in possession at the time the supposed trespass was committed, and so continued up to the institution of the. suit, the action of trespass quart clausumfregil could not be maintained against them,
Whether Bibb did, or did not, acquiesce in the possession of the defendants, cannot operate so as to subject them to the action. It is laid down that “ the disseizee of land may maintain an action of trespass quart clausum fregit, for an injury done to the land before he was dissiezed,” It is also said “not to be necessary that the person who brings the action of trespass quart clausum fregit for an injury to the land, should be in tiie actual possession thereof at the time of bringing the action.” See Bacon’s Ab. Title Trespass, letter E.
*11 We know of no case where a person out of possession at the time of the trespass committed, has sustained the action of trespass quare clausum frcgit, when he never regained the possession after the trespass. Whether by regaining the possession he would be entitled to his action, is not now the question. The proviso has made the law depend upon Bibb’s acquiescence in the possession of the defendants, and we know of no principle to support the position.
Wherefore, the j udgment is reversed, with costs.